**FILED**

Jun 03, 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ TC          DEPUTY

~~SEALED~~

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

May 2025 Grand Jury

| UNITED STATES OF AMERICA, | Case No. '26 CR2123 W |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371 – Conspiracy to Operate an Unlicensed Money Transmitting Business; Title 18, U.S.C., Secs. 1960(a) and 1960(b)(1)(B) – Operating an Unlicensed Money Transmitting Business; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 21, U.S.C., Secs. 841(a)(1) and 841(b)(1)(C) – Possession with Intent to Distribute Psilocin; Title 18, U.S.C., Secs. 924(d), 982(a)(1) and 982(b), Title 21, U.S.C., Sec. 853, and Title 28, U.S.C., Sec. 2461 – Criminal Forfeiture |
| ██████████████████ JONI YOUSIF (2), aka "Uncle Johnny," aka "Deacon Johnny," aka "Shamasha Johnny," SIVAN HURMIZ (4), ██████████████ | |
| Defendants. | |

The grand jury charges:

At all times relevant to this Indictment:

**INTRODUCTORY ALLEGATIONS**

1.    Defendants ████████████████ ████████████ SIVAN HURMIZ, and ████████████ were residents of the Southern District of California.

2.    Defendant JONI YOUSIF, aka "Uncle Johnny," "Deacon Johnny," and "Shamasha Johnny," was a resident of Michigan.

CEK:nlv:San Diego:6/2/26

3.    *Hawala* was a method of moving money outside the formal banking system that allowed one party to transfer money to another party without any physical money actually moving. For example, if an individual in the United States ("Party A") wanted to send $10,000 to an individual in Iraq ("Party B"), Party A could approach a hawala broker ("Broker A"), give the Broker $10,000 and the relevant details of the transaction such as the name of Party B and the location where Party B was to receive the money (i.e., Iraq). Broker A would then contact a hawala broker in Iraq ("Broker B") and ask Broker B to give Party B the $10,000. Broker B would then pay Party B the $10,000 in local currency in Iraq, and Broker A would settle the $10,000 debt owed to Broker B. Brokers A and B would each receive a commission.

## Count 1

### (Conspiracy to Operate Unlicensed Money Transmission Business)

### [18 U.S.C. § 371]

4.    Paragraphs 1 through 3 are re-alleged and incorporated herein.

5.    Beginning on a date unknown to the grand jury and continuing up to and including September 30, 2021, within the Southern District of California and elsewhere, defendants ███████████ JONI YOUSIF, aka "Uncle Johnny," "Deacon Johnny," and "Shamasha Johnny," ██ ███, SIVAN HURMIZ, and ███████ did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury, to commit the following offense against the United States:

a.    to operate a money transmitting business affecting interstate and foreign commerce, which failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder,

all in violation of Title 18, United States Code, Sections 1960(a) and 1960(b)(1)(B).

## MANNER AND MEANS

6. The object of the conspiracy was carried out, and was to be carried out, in substance in the following manner:

7. Members of the conspiracy, including defendants ████████, JONI YOUSIF, ████████, SIVAN HURMIZ, and ████████, engaged in a money transmitting business known as a hawala.

8. Members of the conspiracy, including defendant JONI YOUSIF, would receive requests from customers to transfer money to various locations, including to foreign countries such as Iraq and Turkey.

9. After receiving a request for a money transfer, members of the conspiracy, including defendant JONI YOUSIF, would arrange for bulk U.S. currency to be delivered to and picked up from co-conspirators in the Southern District of California, including defendant ████████.

10. Members of the conspiracy, including ████████, would then coordinate the pick-up and delivery of bulk U.S. currency in the Southern District of California, including by co-conspirators SIVAN HURMIZ, ████████ and ████████ to facilitate the hawala transactions.

11. Periodically, members of the conspiracy would settle amounts owed to the other members of the conspiracy who operated the hawala transactions.

12. Members of the conspiracy charged a commission to facilitate the hawala money transfers.

## OVERT ACTS

13. In furtherance of the conspiracy, and to accomplish its object, defendants ████████, JONI YOUSIF, ████████, SIVAN HURMIZ, and ████████, together with each other and with others known and

3

unknown to the grand jury, on or about the dates set forth below, committed and caused to be committed various overt acts, in the Southern District of California, including but not limited to the following:

Balancing of the Books

14. On or about June 5, 2021, in a telephone conversation, ███████ and JONI YOUSIF discussed matching their financial records and reviewed customers by name, transfer amounts, and their respective commissions. They discussed how some of the money was transferred to places such as Iraq and Turkey.

June 8 and 10, 2021 Transfer

15. On or about June 8, 2021, in a telephone conversation, ████ asked ████████ whether he had the money or if it was in El Cajon, to which ████████ responded that it was at home. ████ then explained that ████████ SIVAN HURMIZ, probably would come pick it up.

16. On or about June 8, 2021, in a telephone conversation, JONI YOUSIF coordinated with ████████ on a transfer of "250,000," and ████████ identified ████ as the person who would receive the amount.

17. On or about June 8, 2021, in a telephone conversation, ████████ spoke with SIVAN HURMIZ, who stated he was on his way to ████ address.

18. On or about June 8, 2021, in a telephone conversation, SIVAN HURMIZ notified ████████ that he was outside the pick-up location.

19. On or about June 10, 2021, in a telephone conversation, ████████ told ████████ that he had something for him. SIDL HURMIZ stated that his brother SIVAN HURMIZ would stop by.

4

20. On or about June 10, 2021, in a telephone conversation, SIVAN HURMIZ told ████████████ that he was outside the pick-up location in El Cajon, California.

21. On or about June 10, 2021, SIVAN HURMIZ drove a vehicle in the Southern District of California while transporting approximately $240,537 in bulk U.S. currency.

### June 19, 2021 Transfer

22. On or about June 18, 2021, in a telephone conversation, JONI YOUSIF told ████████████ that he would receive "150" and to give someone "120" the following day.

23. On or about June 19, 2021, in a telephone conversation, JONI YOUSIF told ████████████ to give ████████████ "120."

24. On or about June 19, 2021, in a telephone conversation, ████████████ told JONI YOUSIF that the "150" had been received and JONI YOUSIF confirmed with ████████████ that he was to give "120."

25. On or about June 19, 2021, in a telephone conversation, ████████████ told ████████████ that he had his money at the pick-up location in El Cajon, California.

26. On or about June 19, 2021, in a telephone conversation, ████████████ told ████████████ that he was at the pick-up location.

27. On or about June 19, 2021, ████████████ transported approximately $126,500 in bulk U.S. currency while in the Southern District of California.

All in violation of Title 18, United States Code, Section 371.

### Count 2

Between on or about June 8, 2021 and on or about June 10, 2021, within the Southern District of California and elsewhere, defendants ████████████ JONI YOUSIF, aka "Uncle Johnny," "Deacon

5

Johnny," and "Shamasha Johnny," ███████████, and SIVAN HURMIZ knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business affecting interstate and foreign commerce that failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and the regulations thereunder; all in violation of Title 18, United States Code, Sections 1960(a) and 1960(b)(1)(B), and Title 18, United States Code, Section 2.

## Count 3

Between on or about June 18, 2021 and on or about June 19, 2021, within the Southern District of California and elsewhere, defendants ██████████████████ JONI YOUSIF, aka "Uncle Johnny," "Deacon Johnny," and "Shamasha Johnny," and ████████████ knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business affecting interstate and foreign commerce that failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and the regulations thereunder; all in violation of Title 18, United States Code, Sections 1960(a) and (b)(1)(B), and Title 18, United States Code, Section 2.

## Count 4

On or about June 10, 2021, within the Southern District of California, defendant SIVAN HURMIZ did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of psilocin, a Schedule I Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

//

6

FORFEITURE ALLEGATIONS

1.    The allegations contained in Counts 1 through 4 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 924(d), 982(a)(1) and 982(b), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of one and more of the offenses alleged in Counts 1 through 3 of this Indictment, pursuant to Title 18, United States Code, Section 982(a)(1), defendants ███████████████ JONI YOUSIF, aka "Uncle Johnny," "Deacon Johnny," and "Shamasha Johnny," ███████ SIVAN HURMIZ, and ███████████ shall forfeit to the United States all their rights, title, and interest in any and all property involved in the offenses set forth in Counts 1 through 3 of the Indictment and all property traceable thereto.    The property to be forfeited includes, but is not limited to:

a.    Approximately $240,537 in U.S. currency seized on or about June 10, 2021 from defendant SIVAN HURMIZ;

b.    Approximately $126,500 in U.S. currency seized on or about June 19, 2021 from defendant ███████████; and

c.    Approximately $13,158 in U.S. currency seized on or about September 30, 2021 from defendant ███████████.

3.    Upon conviction of one and more of the offenses alleged in Counts 1 through 3 of this Indictment, and pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, defendant ███████████ shall forfeit to the United States all firearms and ammunition involved in the offenses. The firearms and ammunition to be forfeited includes, but is not limited to:

7

a.   One (1) SR AR-556 with serial number 853-06070;

b.   One (1) MTY MG G4 with serial number MTS58028;

c.   One (1) UTA UTS-15 with serial number US12P18600;

d.   One (1) 12 gauge ROI/VR80 shotgun with serial number R090958;

e.   One (1) SSS P229 with serial number AM102202;

f.   One (1) MOS 88 with serial number MV0628099;

g.   One (1) SSS P238 with serial number 27C084101;

h.   One (1) magazine with six (6) rounds of .380 ammunition;

i.   One (1) SW Airweight with serial number DMY2139;

j.   One (1) WAL P22 with serial number WA336110;

k.   Two (2) magazines tan-germany-2-50"BBL;

l.   One (1) SW M&P 9 with serial number JEJ2167; and

m.   Four magazines with 9 mm thirty-three (33) rounds of ammunition.

4.   Upon conviction of the felony offense alleged in Count 4 of this Indictment, said violation being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendant SIVAN HURMIZ shall forfeit to the United States all his rights, title, and interest in any and all property constituting, and derived from, any proceeds the defendant obtained, directly and indirectly, as the result of the offense, and any and all property used and intended to be used in any manner and part to commit and to facilitate the commission of the violation alleged in Count 4 of the Indictment.  In addition, upon conviction of the offense alleged in Count 4 of this Indictment, and pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, defendant SIVAN HURMIZ shall forfeit to the United States

8

all firearms and ammunition involved in the offense. The property to be forfeited includes and is not limited to:

        a.    One (1) un-serialized Polymer 80 PF940C;

        b.    One (1) 9 round magazine; and

        c.    One (1) 14 round magazine.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All in violation of Title 18, United States Code, Sections 924(d), 982(a)(1) and 982(b), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461.

DATED: June 3, 2026.

A TRUE BILL:

_____
Foreperson

ADAM GORDON
United States Attorney

By: _____
CHARLOTTE E. KAISER
Assistant U.S. Attorney

9